UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| SAMSON OSIME,<br><br>    Plaintiff,<br>v.<br><br>SPECIALIZED LOAN SERVICING, LLC,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR SUMMARY JUDGMENT (DOC. NO. 29)**<br><br>Case No. 1:23-cv-00010<br><br>Magistrate Judge Daphne Oberg |

Plaintiff Samson Osime, proceeding without an attorney, filed this case against Defendant Specialized Loan Servicing, LLC ("SLS"), on January 31, 2023, arguing SLS fraudulently inflated Mr. Osime's monthly mortgage payments.[1] Mr. Osime has filed a Motion to Confirm Breach of Contract,[2] asking the court to hold that SLS breached the mortgage contract by raising Mr. Osime's monthly payment.[3] The court construed Mr. Osime's motion as a motion for summary judgment.[4] SLS filed a response, arguing Mr. Osime's arguments lack evidentiary support and are based on conjecture.[5] Mr. Osime filed no reply. Because Mr. Osime has failed to identify evidence showing the material

---

[1] (Compl., Doc. No. 1; Am. Compl., Doc. No. 18 at 4.)

[2] ("Mot.," Doc. No. 29.)

[3] (*Id.* at 3.)

[4] (*See* Doc. No. 31.)

[5] (Def.'s Opp'n to Pl.'s Mot. for Summ. J. ("Opp'n"), Doc. No. 32.)

1

facts are undisputed for three of the four elements of a breach-of-contract claim, his motion[6] is denied.[7]

## LEGAL STANDARDS

Summary judgment may be granted only where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[8]  "A fact is material if, under the governing law, it could have an effect on the outcome of the lawsuit."[9]  "A dispute over a material fact is genuine if a rational jury could find in favor of the nonmoving party on the evidence presented."[10]  In evaluating a motion for summary judgment, the court views "the facts in the light most favorable to the nonmovant and draw[s] all reasonable inferences in the nonmovant's favor."[11]  A party asserting a fact cannot be or is genuinely disputed on summary judgment must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations,

---

[6] (Doc. No. 29.)

[7] The parties consented to proceed before a magistrate judge in accordance with 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure.  (Doc. No. 20.)

[8] Fed. R. Civ. P. 56(a).

[9] *Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1215 (10th Cir. 2013) (internal quotation marks omitted).

[10] *Id.* (internal quotation marks omitted).

[11] *Jones v. Norton*, 809 F.3d 564, 573 (10th Cir. 2015).

stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."[12]

Because Mr. Osime proceeds pro se, his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[13]  Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."[14]  For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[15]  While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements,"[16] the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[17]

## BACKGROUND

As noted above, Mr. Osime's central claim in this case is that SLS inflated his mortgage payment "without any legal justification for doing so."[18]  Mr. Osime took out a

---

[12] Fed. R. Civ. P. 56(c)(1).

[13] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[14] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[15] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[16] *Hall*, 935 F.2d at 1110.

[17] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

[18] (Am. Compl., Doc. No. 18 at 4.)

mortgage on a home on August 30, 2019.[19]  SLS was not the original servicer of the mortgage, but began servicing it on March 1, 2020.[20]  Mr. Osime alleges SLS inflated his monthly mortgage payments by approximately ninety-four dollars when SLS took over the mortgage servicing.[21]  He claims that where the mortgage contract does not permit payment amounts to change, he is entitled to $1,205,144.04 in damages.[22]

SLS's side of the story is a little different.  SLS agrees it began servicing Mr. Osime's loan on March 1, 2020, but claims the previous mortgage servicer (not SLS) raised the monthly payment—due to the previous servicer's determination that Mr. Osime's account had a shortage.[23]  SLS also argues the mortgage contract allows the servicer to raise monthly payments if it determines a shortage exists.[24]

Mr. Osime filed a Motion to Confirm Breach of Contract,[25] which the court construed as a motion for summary judgment.[26]  Mr. Osime asks the court to "hold that

---

[19] (Mot., Doc. No. 29 at 2; Opp'n 6, Doc. No. 32.)

[20] (*See* Ex. 4 to Mot., Doc. No. 30-3 at 2 (sealed).)  Because the exhibits are almost entirely comprised of personal financial information, they have all been filed under seal.

[21] (Am. Compl., Doc. No. 18 at 11.)

[22] (*Id.* at 11, 18.)

[23] (Opp'n 6, Doc. No. 32.)

[24] (*Id.* at 3–4.)

[25] (Mot., Doc. No. 29.)

[26] (*See* Doc. No. 31.)

there was a breach of [Mr. Osime's] mortgage contract."[27]  SLS filed a response, arguing the motion should be denied because Mr. Osime's breach of contract claim lacks evidentiary support and amounts to "unsubstantiated speculation and conjecture."[28]

## ANALYSIS

Mr. Osime has failed to establish he is entitled to summary judgment.  As Mr. Osime recognizes, a party asserting a breach-of-contract claim must prove four elements: "(1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages."[29]  To prevail at summary judgment, Mr. Osime must identify evidence showing there is no genuine dispute as to any material fact, and he is entitled to judgment as a matter of law, for each element.[30]  The parties agree a valid mortgage contract existed between the parties.[31]  Accordingly, this order addresses the remaining three elements: performance, breach, and damages.

### I.     Performance by Mr. Osime

Mr. Osime states he "did everything required by the contract . . . without any blemish or error."[32]  Mr. Osime provides mortgage statements showing he paid the

---

[27] (Mot., Doc. No. 29 at 3.)

[28] (Opp'n 9, Doc. No. 32.)

[29] *Bair v. Axiom Design, L.L.C.*, 2001 UT 20, ¶ 14, 20 P.3d 388.

[30] *See* Fed. R. Civ. P. 56(a), 56(c)(1).

[31] (*See* Mot., Doc. No. 29 at 2; Opp'n 9, Doc. No. 32.)

[32] (Mot., Doc. No. 29 at 3.)

required monthly payments for many of the months preceding SLS's servicing of the loan.[33]  But the latest payment evidenced by Mr. Osime's mortgage statements was on February 28, 2020,[34] which *precedes* the date on which SLS began to service the mortgage: March 1, 2020.  Moreover, SLS submitted evidence suggesting Mr. Osime failed to make timely payments—suggesting Mr. Osime did not fully perform.[35]  Mr. Osime has failed to show there are no genuine factual disputes as to this element.

## II.   Breach of the contract by SLS

Mr. Osime identifies no evidence suggesting SLS breached the contract.  Mr. Osime's own exhibit shows the previous loan servicer, not SLS, increased the loan payment amount.[36]  Mr. Osime argues SLS forged these documents by "impersonating" Mr. Osime's previous mortgage servicer—Mr. Osime insists the impersonation was "maliciously visible."[37]  While some of the documents have the phrase "FORGERY"

---

[33] (*See* Exs. 8–14, 16 to Mot., Doc. Nos. 30-7–30-13 (sealed).)

[34] (*See* Ex. 16 to Mot. Doc. No. 30-15 (sealed).)

[35] (*See* Opp'n 7, Doc. No. 32; Ex. C to Opp'n, Doc. No. 33-3 at 2–4 (sealed).)  Mr. Osime might argue his late payments nevertheless constitute substantial performance.  *See Larson v. Stauffer*, 2022 UT App 108, ¶ 22, 518 P.3d 175 (noting a party making a breach of contract claim need only show it substantially performed under the contract).  But Mr. Osime did not make such an argument.  Regardless, where Mr. Osime only provided mortgage statements *preceding* SLS's servicing of the loan, he failed to offer evidence that he performed his end of the contract with SLS.

[36] (*See* Ex. 15 to Mot., Doc. No. 30-14 at 1 (sealed).)

[37] (Mot., Doc. No. 29 at 3.)

handwritten on them in thick ink,[38] Mr. Osime provides no other evidence in support of his forgery argument. Regardless, even if the documents were forged, Mr. Osime does not explain how forging documents or raising his mortgage payment constitute a breach of the mortgage contract. Relatedly, Mr. Osime has not refuted SLS's argument that the mortgage contract allows the servicer to increase payment amounts. Accordingly, Mr. Osime has failed to show he is entitled to judgment as a matter of law as to this element.

### III.  Damages

Mr. Osime's motion states SLS's alleged breach caused him "inestimable damages."[39] He seeks $1,205,144.04 in damages, reflecting various categories of alleged harm.[40] But Mr. Osime identifies no evidentiary support for his claims to damages. For example, while Mr. Osime states he is entitled to $500,000 in "reputational damages" and $450,000 due to his "healthcare damages as an Octogenarian,"[41] Mr. Osime does not identify evidence suggesting these damages resulted from the alleged breach of contract. Mr. Osime has failed to show there are no genuine factual disputes as to this element.

---

[38] (*See* Ex. 15 to Mot., Doc. No. 30-14 at 1 (sealed); Ex. 16 to Mot., Doc. No. 30-15 at 1 (sealed).)

[39] (Mot., Doc. No. 29 at 3.)

[40] (Am. Compl., Doc. No. 18 at 8.)

[41] (*Id.*)

CONCLUSION

Mr. Osime has failed to show the facts underlying the performance, breach, and damages elements of his breach-of-contract claim are undisputed. Accordingly, Mr. Osime's motion for summary judgment[42] is denied.

DATED this 12th day of April, 2024.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[42] (Doc. No. 29.)