UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| SAMSON OSIME,<br><br>        Plaintiff,<br><br>v.<br><br>SPECIALIZED LOAN SERVICING, LLC,<br><br>        Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION AND DENYING MOTION TO RECUSE**<br>**(DOC. NOS. 41 AND 44)**<br><br>Case No. 1:23-cv-00010<br><br>Magistrate Judge Daphne A. Oberg |

      Plaintiff Samson Osime, proceeding without an attorney, filed this case against Defendant Specialized Loan Servicing, LLC ("SLS") on January 31, 2023, arguing SLS fraudulently inflated Mr. Osime's monthly mortgage payments.[1] Mr. Osime previously filed a "Motion to Confirm Breach of Contract," asking the court to hold that SLS breached the mortgage contract by raising Mr. Osime's monthly payment.[2] The court issued an order stating it construed Mr. Osime's motion as a motion for summary judgment, and identified the deadline for SLS to respond to the motion.[3] After SLS filed a response and Mr. Osime did not file a reply, the court denied the motion.[4] Mr. Osime

---

[1] (Compl., Doc. No. 1; Am. Compl., Doc. No. 18 at 4.)

[2] (Mot. to Confirm Breach of Contract, Doc. No. 29 at 3.)

[3] (*See* Docket Text Order, Doc. No. 31 ("The court construes [Doc. No.] 29 Plaintiff's Motion to Confirm Breach of Contract as a motion for summary judgment.").)

[4] (Mem. Decision and Order Den. Mot. for Summ. J. ("Order Den. MSJ"), Doc. No. 38.)

has now filed a Motion for Reconsideration[5] and a Motion to Recuse,[6] essentially arguing the court misconstrued his Motion to Confirm Breach of Contract. As explained below, because Mr. Osime has not shown grounds for reconsideration or recusal, his motions are denied.

## I. Motion to Recuse

Mr. Osime filed a motion for recusal, arguing the undersigned is "profoundly biased, discriminatory, and prejudicial against" Mr. Osime.[7] Mr. Osime's arguments relate primarily to the court's order denying his Motion to Confirm Breach of Contract,[8] which the court construed as a motion for summary judgment.[9] The thrust of Mr. Osime's argument is that the court "wrongly construed" his Motion to Confirm Breach of Contract.[10] Because Mr. Osime fails to factually support his argument for recusal, the motion to recuse is denied.

As an initial matter, the only legal rule Mr. Osime cites in support of his argument for recusal is Rule 63 of the Utah Rules of Civil Procedure.[11] Because this case is in

---

[5] (Mot. for a Reconsideration of Order in Dkt. 38 ("Mot. for Reconsideration"), Doc. No. 41.)

[6] (Mot. to Recuse, Doc. No. 44.)

[7] (*Id.* at 1.)

[8] (Order Den. MSJ, Doc. No. 38.)

[9] (*See* Docket Text Order, Doc. No. 31.)

[10] (*See generally* Mot. to Recuse, Doc. No. 44.)

[11] (*See id.* at 4 (citing U.R.C.P. 63).)

federal court, the Utah Rules of Civil Procedure do not apply—the case is governed by the Federal Rules of Civil Procedure.[12]  Construing Mr. Osime's motion liberally,[13] he may be attempting to seek disqualification under 28 U.S.C. § 455, which outlines circumstances under which federal judges must disqualify themselves from cases. Most notably, a judge must recuse from "any proceeding in which his impartiality might reasonably be questioned," or where the judge "has a personal bias or prejudice concerning a party."[14]  A judge has a "continuing duty to recuse . . . if the judge concludes that sufficient factual grounds exist to cause an objective observer reasonably to question the judge's impartiality."[15]  But "[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters" are "not

---

[12] *See* Fed. R. Civ. P. 1 (providing the Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings in the United States district courts").

[13] Because Mr. Osime proceeds pro se, his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Further, "it is not the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall*, 935 F.2d at 1110.  Therefore, the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

[14] 28 U.S.C. § 455(a), (b)(1).

[15] *United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993).

ordinarily sufficient to require [§] 455(a) recusal."[16]  Further, "[j]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."[17]

Mr. Osime has not demonstrated disqualification is warranted under 28 U.S.C. § 455.  Mr. Osime's bare allegations of bias are unsupported by factual development, other than Mr. Osime's general disagreement with the denial of his motion.[18]  As to Mr. Osime's argument that the court misconstrued his motion, Mr. Osime has failed to explain how this bears on impartiality.  To begin with, the court's construction of Mr. Osime's motion was reasonable—the motion began by stating "whether there was a Breach of Contract . . . [is a] dispute requiring a ruling of this Honorable Court."[19]  Mr. Osime then explained and argued each element for a breach of contract claim, submitted evidence in support of his arguments, and asked the court to "hold that there was a breach of [Mr. Osime's] mortgage contract."[20]  It was apparent

---

[16] *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995) (citation omitted).

[17] *United States v. Walker*, 838 F. App'x 333, 337 (10th Cir. 2020) (unpublished) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

[18] (*See, e.g.*, Mot. to Recuse, Doc. No. 44 at 3 ("The Magistrate Judge erred by believing the [Defendant's] well-crafted false defense unopposed which, without the Magistrate Judge's prejudice[,] could have been exposed . . . .").)  As noted above, "[j]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  *Walker*, 838 F.3d at 337 (quoting *Liteky*, 510 U.S. at 555).

[19] (Mot. to Confirm Breach of Contract, Doc. No. 29 at 1.)

[20] (*Id.* at 1–3; *see also* Exs. 1–16 to Mot. to Confirm Breach of Contract, Doc. Nos. 30-1–16.)

the relief Mr. Osime sought was summary judgment.[21] Because pro se filings should be "liberally construed," the court issued an order stating it was construing Mr. Osime's motion as a motion for summary judgment, putting the parties on notice of this construction and identifying briefing deadlines.

Moreover, in the six months between the order construing the motion and the order denying the motion, Mr. Osime did not file anything suggesting he disagreed with the court's construction of his motion. To the contrary, a status report the parties jointly filed referred to the motion as a "motion for summary judgment,"[22] and in a stipulated motion to stay, the parties acknowledged Mr. Osime sought "judgment on [his] contractual-based claims as a matter of law."[23] In sum, Mr. Osime knew the court was construing his motion as a motion for summary judgment, implicitly approved of this construction in multiple court filings, and failed to raise any disagreement until after the motion was denied. Because Mr. Osime's mere allegations and factually unsupported arguments are insufficient to mandate recusal, his motion to recuse[24] is denied.

---

[21] *See* Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense . . . on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

[22] (*See* Status Report 2, Doc. No. 35 (signed by Mr. Osime).)

[23] (*See* Stipulated Mot. to Stay Disc. Deadlines Pending Decision on Pl.'s Mot. to Confirm Breach of Contract 2, Doc. No. 36 (signed by Mr. Osime).)

[24] (Doc. No. 44.)

## II. Motion for Reconsideration

Mr. Osime also filed a motion for reconsideration, asking the court to reconsider its order denying his Motion to Confirm Breach of Contract.[25]  Mr. Osime previously filed an untitled document that appeared to request reconsideration of the same order,[26] which (to the extent it could be construed as a motion) the court denied because "Plaintiff [did] not explain what rule of law entitles him to reconsideration."[27]  As before, Mr. Osime's new motion for reconsideration does not explain what rule of law entitles him to reconsideration.  Instead, like his motion to recuse, Mr. Osime's motion for reconsideration is largely a reassertion of his arguments in support of the Motion to Confirm Breach of Contract.[28]  But generously construing Mr. Osime's motion as a motion for reconsideration under Rule 54(b) of the Federal Rules of Civil Procedure,[29] Mr. Osime fails to show he is entitled to reconsideration.

---

[25] (Mot. for Reconsideration, Doc. No. 41.)

[26] (Untitled Doc., Doc. No. 39.)

[27] (Docket Text Order, Doc. No. 40.)

[28] (*See, e.g.*, Mot. for Reconsideration, Doc. No. 41 at 2 ("[T]he defendant breached Plaintiff's mortgage contract and lied about their authorship, while expecting the Plaintiff to rely on its falsehood for genuine and authentic business.").)

[29] *See* Fed. R. Civ. P. 54(b) (providing the court may revise "any order . . . that adjudicates fewer than all the claims . . . at any time before the entry of a judgment"); *see also Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) ("Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.").

Mr. Osime first argues reconsideration is warranted because the undersigned is biased.[30] This argument fails for the reasons explained above—Mr. Osime provides no facts to support his claim of bias. Next, Mr. Osime takes issue with the fact that the exhibits to his motion were filed on the docket under seal.[31] The court sealed Mr. Osime's exhibits because they "are almost entirely comprised of [Mr. Osime's] personal financial information."[32] To the extent Mr. Osime appears to believe the court did not consider these documents, this is untrue—the documents are sealed from *public view*, but the court may still view and consider them, and did so.[33]

Relatedly, Mr. Osime argues "Plaintiff was not allowed to produce evidence in court about defendant's impersonations and forgeries."[34] But Mr. Osime did submit evidence—in the form of sixteen exhibits totaling nearly fifty pages—and the court considered it.[35] Mr. Osime also argues the court misconstrued his motion.[36] This

---

[30] (Mot. for Reconsideration, Doc. No. 41 at 1–2.)

[31] (*See id.* ("Plaintiff's motion to confirm breach of contract contained 16 exhibits that were not seen in open court as requested. The exhibits were sealed to the disadvantage of the Plaintiff for improper reason(s) he did not suggest or approve. . . . The crux of the Plaintiff's motion rests heavily on his exhibits 14, 15, and 16 and if the magistrate judge had read and gone through them in open court, they would have produced a different order.").)

[32] (Order Den. MSJ 4 n.2, Doc. No. 38.)

[33] (*See id.* at nn.20, 33–36, 38 (citing the sealed exhibits).)

[34] (Mot. for Reconsideration, Doc. No. 41 at 2.)

[35] (*See* Order Den. MSJ 4 nn.20, 33–36, 38 (citing many of Mr. Osime's exhibits).)

[36] (*See* Mot. for Reconsideration, Doc. No. 41 at 2.)

argument fails for the reasons explained above—the court was justified in construing the motion as a motion for summary judgment, and Mr. Osime failed to object to such construction until after the motion was denied.  Finally, Mr. Osime argues "[t]o have denied Plaintiff's motion without permitting him to testify in an open court is a miscarriage of justice."[37]  But Mr. Osime is not automatically entitled to oral argument on his motion.[38]  Mr. Osime's motion for reconsideration[39] is denied because he has not identified or established grounds for reconsideration.

## CONCLUSION

Because Mr. Osime has not established grounds for recusal or reconsideration, his motions for recusal[40] and for reconsideration[41] are denied.

DATED this 25th day of June, 2024.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[37] (*Id.*)

[38] *See* DUCivR 7-1(g), available at https://www.utd.uscourts.gov/sites/utd/files/Civil%20Rules%20Final%202023.pdf [https://perma.cc/YJY4-VSML] (providing "[i]f oral argument is not set, the court will determine a motion based upon the parties' written memoranda").

[39] (Doc. No. 41.)

[40] (Doc. No. 44.)

[41] (Doc. No. 41.)